# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6896 | **DATE** | 3/2/2004 |
| **CASE TITLE** | Citicorp Vendor Finance, Inc vs. ISA Pharmacy, Inc., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Status hearing held and continued to 4/6/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, ISA Pharmacy, LLC's motion to dismiss is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 03 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 37 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CITICORP VENDOR FINANCE, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ISA PHARMACY, INC.; ) <br> DANIEL ZURAWSKI; and FRANK ROSENBAUM, ) <br> ) <br> Defendants. ) <br> _____) <br> FRANK ROSENBAUM, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ISA PHARMACY, LLC, ) <br> ) <br> Third-Party Defendant. ) <br> _____) <br> DANIEL ZURAWSKI, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ISA PHARMACY, LLC., ) <br> ) <br> Third-Party Defendant. ) | DOCKETED <br> MAR 0 3 2004 <br><br> No. 03 C 6896 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Citicorp Vendor Finance, Inc., as Successor-in-Interest by Acquisition and Merger to Copelco Capital, Inc. ("Citicorp"), filed suit against Defendants, ISA Pharmacy, Inc. ("ISA Inc."), Daniel Zurawski ("Zurawski"), and Frank Rosenbaum ("Rosenbaum"), alleging breach of lease, breach of Guaranty I (breach by Zurawski) and breach of Guaranty II (breach by Rosenbaum).

37

Defendant/Third-Party Plaintiffs Zurawski and Rosenbaum filed Third-Party Complaints against Third-Party Defendant, ISA Pharmacy LLC ("ISA LLC"). Zurawski demanded judgment against ISA LLC for any or all amounts for which he might be found liable to Plaintiff, plus any other or further damages or losses he may suffer or incur, including costs and counsel fees. Rosenbaum also demanded judgment against ISA LLC for contribution and indemnification for any and all liability of Rosenbaum to the Plaintiff, including attorney's fees, costs of suit and interest, and any other appropriate relief.

Presently before the Court is ISA Pharmacy, LLC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ISA LLC seeks dismissal of Zurawski's and Rosenbaum's Third-Party Complaints. Zurawski and Rosenbaum did not file a response to the Motion to Dismiss.

## **LEGAL STANDARD**

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

When reviewing a motion to dismiss, the Court may consider exhibits attached to the complaint as part of the pleadings. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988) (*Beam*). Furthermore, "[W]here the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom." *Foshee v. Daoust Constr. Co.*, 185 F.2d 23, 25 (7th Cir.1950); *see also Bell v. Lane*, 657 F.Supp. 815, 817 (N.D.Ill.1987) (where exhibits attached to complaint negate its allegations, a court is not required to credit unsupported allegations). *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 991 (7th Cir. 1991).

## BACKGROUND

A reading of the Complaint and the Third-Party Complaints, including the exhibits attached to the Third-Party Complaints, support the following summary of the alleged operative conduct of the parties.

On or about December 16, 1999, ISA Inc. and Copelco Capital, Inc. ("Copelco") entered into a commercial Master Lease Agreement (the "Lease"), which provided for the lease and hire of certain items of equipment (the "Equipment"). In order to induce Copelco to enter into the Lease, Zurawski and Rosenbaum each made, executed and delivered a Personal Guaranty (respectively, "Guaranty I" and "Guaranty II") to Copelco wherein Zurawski and Rosenbaum each individually agreed to personally guaranty to Copelco, its successors and assigns, all payments and other obligations owed to Copelco under the Lease. The Lease required Zurawski and Rosenbaum to make forty-eight (48) consecutive monthly payments in the amount of $3,781.47 each, plus applicable taxes, until the entire obligation was paid in full. In July 2001, ISA breached the Lease; Zurawski breached Guaranty I, and Rosenbaum breached Guaranty II and became in default through

3

failure to make the monthly payment as required by the Lease for July 2001 and all payments due thereafter.

Citicorp is the Successor-In-Interest to Copelco and currently holds all of Copelco's rights, title and interest in and to the Lease, Guaranty I, Guaranty II, and the Equipment, including the right to institute legal proceedings to exercise the rights and remedies of Lessor pursuant to the Lease, Guaranty I and Guaranty II. ISA Inc., Zurawski and Rosenbaum have failed and refused to pay the full balance due and owing to Citicorp under the Lease, Guaranty I and Guaranty II. That balance is in the amount of $120,962.70. To date, Citicorp has also incurred attorney's fees and expenses under the Lease in the amount of $632.50, thereby increasing the total amount due Citicorp to $121,595.20. Citicorp filed suit against ISA Inc. and the Defendants/Third-Party Plaintiffs for breach of the Lease, Guaranty I and Guaranty II in New Jersey state court. That action was removed to the District Court of New Jersey and subsequently transferred to this Court.

On or about March 28, 2002, ISA Inc. filed a Chapter 11 proceeding in the United States Bankruptcy Court for the Northern District of Illinois which was converted to a Chapter 7 proceeding on November 25, 2002. On June 11, 2002, Horizon Pharmaceuticals, LLC and ISA Pharmacy, Inc. entered into an Asset Purchase Agreement. On July 23, 2002, as a result of the bankruptcy proceeding, a Sale Order was entered approving an asset sale of ISA Inc. to Horizon Pharmaceuticals, LLC, which is the parent corporation for Horizon/ISA Merger Sub, LLC, which renamed ISA Inc. to ISA LLC.

On June 10, 2003, Zurawski filed his Third-Party Complaint against ISA LLC, alleging that ISA LLC assumed liability for the Citicorp debt and that ISA LLC failed to satisfy that assumed obligation. Therefore, as a direct and proximate result of such breach, failure and refusal to perform

4

by ISA LLC, Zurawski alleges that he incurred expense to defend the Plaintiff's suit against him and will continue to incur such expense and, therefore, demanded contribution and indemnification for any liability that might be found by the Court and any costs or expenses incurred by him as a result of the action.

On May 19, 2003, Rosenbaum filed his Third-Party Complaint against ISA LLC, alleging that ISA LLC acquired all leases and liabilities, including the Lease, via the Asset Purchase Agreement and the Bill of Sale. Therefore, as a result of that alleged breach, Rosenbaum demands judgment against ISA LLC for contribution and indemnification for any and all liability of Rosenbaum to Plaintiff, as well as attorney's fees, costs of suit and interest and any other appropriate relief.

## ANALYSIS

ISA LLC contends that Zurawski and Rosenbaum's Third-Party Complaints should be dismissed for three reasons: (1) ISA LLC is not liable for any claims asserted by Citicorp in the underlying litigation; (2) ISA LLC assumed no direct liability to the Defendants/Third-Party Plaintiffs for indemnification or contribution; and (3) the Defendants/Third-Party Plaintiffs have no standing to seek enforcement of the Asset Purchase Agreement.

The Asset Purchase Agreement and July 23, 2002 bankruptcy court Sale Order are attached to the Third Party Complaints and are considered part of the pleadings properly considered by the Court in reviewing a motion to dismiss. *See Beam*, 838 F.2d at 244.

Under Article 2.3 of the Asset Purchase Agreement, ISA LLC assumed the "Assumed Liabilities." Article 1.2 of the Agreement defines "Assumed Liabilities" as "All liabilities and

5

obligations of ISA [Inc.] (i) under the Assumed Contracts **(excluding any liabilities and obligations attributable to any breach or default by ISA [Inc.] thereunder) . . ."** (Emphasis added.)

Article 2.4 of the Agreement provides that ISA LLC did not assume any liability for any of the liabilities of ISA [Inc.] (other than the assumed liabilities). Under Article 2.4(b), ISA Inc. retained:

> "[A]ll Liabilities (notwithstanding the fact that the date on which any action or claim is commenced or made is after the Closing), including but not limited to, any Claim **(including any Claim arising out of a breach of an Assumed Contract**, which is or includes cure amounts and specifically including any and all "cure payments" due in connection with the Assumed Contracts), Lien or the like **arising prior to the Closing Date (and specifically including all "cure payments" due in connection with the Assumed Contracts)."** (Emphasis added.)

Under Article 2.4(i) of the Agreement, ISA LLC specifically assumes no liability for any and "all liabilities related to employee or shareholder claims, litigation or proceedings against ISA [Inc.]." Lastly, Article 2.4(j) states that ISA LLC assumed no other liability which was not an assumed liability.

The above quoted language of the Asset Purchase Agreement clearly demonstrates that ISA LLC did not assume any liability for any breach of the Citicorp Lease or any debt or liability arising thereunder prior to the Closing Date. The pre-closing breaches and debts remained obligations only of ISA Inc. and were not transferred to ISA LLC.

The July 23, 2002 bankruptcy court Sale Order further explains the liabilities assumed by ISA LLC. Paragraph 11 of the Sale Order states that all defaults or other obligations of the Debtor (ISA Inc.) under each Assumed Contract and all claims for any pecuniary losses incurred in connection with any such defaults shall be deemed cured and compensated for by seller or the Buyer by the

payment by Seller on the Closing Date or as soon thereafter as practicable of the Assumed Contract's cure amount. In addition, paragraph 13 of the Sale Order states that all defaults or other obligations of the Debtor (ISA Inc.) under the Assumed Contracts arising or accruing prior to the Closing Date have been cured or shall promptly be cured by the Debtor such that ISA LLC shall have no liability or obligation with respect to any default or obligation arising or accruing under any Assumed Contract prior to the Closing Date, except to the extent set forth in the Asset Purchase Agreement (discussed above). Both the Asset Purchase Agreement and the Sale Order provide that the pre-closing breaches and debts, including any breach of the Citicorp Lease, are obligations that remain liabilities of the Debtor, ISA Inc., and were not transferred to ISA LLC. Even if ISA Inc. breached a Lease obligation subsequent to the Closing Date, any such breach is not a part of the instant litigation.

Any claims for indemnification or contribution held by the Defendants/Third-Party Plaintiffs against the Debtor (ISA Inc.) would have to have been assumed by ISA under the Agreement, Sale Order or Bill of Sale. Under Article 2.4(i) of the Agreement, ISA LLC specifically assumes no liability for any and "all liabilities related to employee or shareholder claims, litigation or proceedings against ISA [Inc.]." In addition, Article 2.3, Schedule 2.3 and Schedule 5.10 set forth the liabilities assumed by ISA LLC. The relevant provisions of the Asset Purchase Agreement provide that ISA LLC did not assume liability for any pre-closing date breaches or debts, including any breach of the Citicorp Lease. ISA LLC cannot bear any liability to the Defendants/Third-Party Plaintiffs for indemnification or contribution claims directly related to those breaches and debts retained by ISA Inc.

Since ISA LLC is not liable for any claims asserted by Citicorp in the underlying litigation

and ISA LLC assumed no direct liability to Zurawski or Rosenbaum for indemnification or contribution, the Court need not address the proposition that Zurawski and Rosenbaum lack standing to enforce the Asset Purchase Agreement.

## CONCLUSION

For the foregoing reasons, ISA Pharmacy, LLC's Motion to Dismiss is granted.

Dated: March 2, 2004

JOHN W. DARRAH
United States District Judge