UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITICORP VENDOR FINANCE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ISA PHARMACY, INC.; ) <br> DANIEL ZURAWSKI; and ) <br> FRANK ROSENBAUM; ) <br> ) <br> Defendants. ) <br> _____) <br> DANIEL ZURAWSKI, ) <br> ) <br> Third-Party Plaintiff, ) <br> v. ) <br> ) <br> ISA PHARMACY, LLC, ) <br> ) <br> Third-Party Defendant. ) | No: 03 C 6896 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Third-Party Plaintiff, Daniel Zurawski ("Plaintiff"), filed suit against Third-Party Defendant, ISA Pharmacy, LLC ("Defendant"). Plaintiff, who was the guarantor of a lease, alleges that Defendant failed to perform on its duties under the lease for certain items of equipment that Defendant purchased from a debtor, ISA Pharmacy, Inc. ("Debtor"). Plaintiff thus argues that, as guarantor, he was required to pay Defendant's obligation. Plaintiff now seeks repayment for the money that he has paid to Citicorp. Presently before the Court is Defendant's Motion to Dismiss. For the following reasons, that motion is granted.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Generally, matters outside the pleadings cannot be considered on a motion to dismiss. *See, e.g., Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). However, documents attached to a complaint are considered part of the complaint and may be considered for all purposes. *E.g., Tierney v. Vahle*, 310 F.3d 734, 738 (7th Cir. 2002). Judicial notice may also be taken of matters of public record. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Plaintiff's Amended Complaint, the exhibits attached thereto, and matters of public record. The Debtor entered into a lease with Citicorp, and Plaintiff executed a personal guaranty on this lease. In July 2001, after Debtor allegedly failed to make a required payment for the lease, Citicorp opted to accelerate the

lease payments, as it was entitled to do under the lease. Citicorp then filed suit against multiple parties, including Plaintiff. Citicorp eventually obtained a judgment in the amount of $122,369.70 against Plaintiff, the full amount of the accelerated debt plus costs and interest.

Thereafter, the Debtor filed for bankruptcy and entered into an asset purchase agreement with Defendant. Section 5.10(a) of the asset purchase agreement states that, in pertinent part:

> Schedule 5.10(a) sets forth a list of Contracts which shall constitute "Assumed Contracts." Subject to the Approval of the Bankruptcy Court, the Assumed Contracts will be sold and assigned to [Defendant] (or Company's designee) free and clear of all Claims and Liens, except for Assumed Liabilities, on the Closing Date under Sections 363 and 365 of the Bankruptcy Code.

Schedule 5.10(a) includes the lease at issue.

Section 2.3 of the asset purchase agreement further provides that "Subject to the terms and conditions set forth in this Agreement, on the Closing Date, [Defendant] shall assume the Assumed Liabilities." The Assumed Liabilities are set forth in Schedule 2.3(a), and the lease at issue is included. The parties entered into the asset purchase agreement in June 2002.

After the asset purchase agreement was signed, Defendant failed to make any of the required lease payments. Subsequently, Plaintiff paid Citicorp $36,000.00 pursuant to a settlement agreement.

## ANALYSIS

Defendant argues that Plaintiff's amended third-party claim should be dismissed because a prior opinion in this matter prohibits Plaintiff from recovering for breaches prior to the closing date of the asset purchase agreement. *Citicorp Vendor Fin., Inc. v. ISA Pharmacy, Inc.*, No. 03 C 6896, 2004 WL 406985 (N.D. Ill. Mar. 3, 2004). Plaintiff concedes that he may not recover for breaches prior to the closing date of the asset purchase agreement.

Plaintiff, though, contends that his claim alleges a breach which occurred after the closing date; and this breach is recoverable under sections 5.10(a) and 2.3 of the asset purchase agreement. (Some of Plaintiff's allegations in this regard appear only in his response to this motion to dismiss.) However, Citicorp obtained its judgment against Plaintiff before the closing date of the asset purchase agreement, when Defendant assumed the lease at issue. This judgment included the full amount of the accelerated debt. As such, Citicorp did not sue Plaintiff for any breach by the Debtor-transferor after the closing date of the asset purchase agreement. Therefore, Plaintiff's claim, as pled, is barred pursuant to the previous order of dismissal entered herein. *Citicorp Vendor Fin., Inc. v. ISA Pharmacy, Inc.*, No. 03 C 6896, 2004 WL 406985 (N.D. Ill. Mar. 3, 2004).

## CONCLUSION

For the foregoing reasons, ISA Pharmacy, LLC's Motion to Dismiss is granted. Plaintiff's Amended Complaint is dismissed without prejudice to refile a second amended complaint within two weeks of the date of this opinion, if Plaintiff can do so consistent with his obligations under Rule 11.

Dated: February 10, 2005

JOHN W. DARRAH
United States District Judge